## Richmond.

87   177
87   520

## BLOSE v. BEAR ET AL.

December 4th, 1890.

1. HOMESTEAD—*Liens—Priority.*—Lien of judgment attached before homestead claimed in land, cannot be enforced during the homestead's existence; but after homestead abandoned, it has priority over a trust deed executed during the occupancy of the land as a homestead. ·
2. IDEM—*Quære* as to the effect on the case at bar of Code, sec. 3649, if it were applicable.

Argued at Staunton.    Decided at Richmond.

Appeal from decree of circuit court of Rockingham county, rendered April 20th, 1887, in a creditors' suit in the name of *J. Peale's adm'r* against *A. N. Peale and others.* The decree adjudging the judgment lien of Adam C. Bear to be paramount to the trust deed of Wm. P. Blose on the land of the debtor, A. N. Peale, Blose appealed.   Opinion states the case.

*John E. Roller*, for the appellant.

*J. S. Harnsberger*, for the appellees.

HINTON, J., delivered the opinion of the court.

At the January term, 1877, of the circuit court of Rockingham county, the appellee, Adam C. Bear, recovered a judgment

against A. N. Peale, which was duly docketed on the 19th day of March, 1877.

On the 20th day of May, 1878, a deed of trust was executed by Peale to secure a debt now claimed by the appellant, Blose. On the 25th of February, 1880, Peale, by a deed duly executed, claimed his homestead in the surplus of his property after the payment of the debt secured in the above mentioned deed of trust.

In 1879 a creditors' suit was instituted by J. Peale's administrator and others against A. N. Peale to sell his lands and pay off the liens against the same; and in this suit a decree was rendered April 20th, 1887, which preferred the judgment of Bear to the debt of Blose, and from that decree this appeal is taken.

The assets to be distributed being insufficient for the payment of both debts in full, the question to be decided is, which of these claims has priority? For the appellant it is insisted, upon many adjudications of other States, that as the lien of a judgment is the liability of the property to be taken under execution and applied to the satisfaction of the debt, that real estate, so long as it retains the character of a homestead, is not subject to judgment liens. And, secondly, that even if this were not so, that when Peale left this State in April, 1883, he abandoned and thereby, according to the decision of this court in *Lindsay* v. *Murphy*, 76 Va. R., 428, put an end to the homestead, and that as a consequence the lien of the deed of trust debt attached, to say the least, as soon as the lien of the judgment. But the answer to all this is to be found in the character of our homestead exemption, which, unlike that in most of the other States, is not so much an estate in land itself as a right of occupancy which cannot be disturbed while the homestead character exists. This view of the homestead exemption was first taken by the late lamented chancellor, Judge Edward H. Fitzhugh, in the case of *Richardson* v. *Butler, &c.*, reported in 1 Va. L. J., p. 120; and the

same general view, although expréssed in different language, has been repeatedly taken by this court since. *Scott* v. *Cheatham & als.*, 78 Va. R., 83; *Lindsay* v *Murphy, supra.*

From this·view it necessarily follows, that whilst the lien of the judgment, which attached before the homestead was claimed, could not be enforced during the existence of the homestead, yet, that it revived in all of its original form so soon as Peale put an end to the homestead, by leaving the State. The lien of the judgment had attached sixteen months before the deed of trust was executed; and we can see no reason for subordinating that lien to the lien of the deed of trust. Whatever may be the effect of the provision in section 3649, on this subject, made by the revisors in the Code, 1887, on future cases, we do not regard it necessary to consider at this time, since that provision was not in existence when this case arose.

We find no error in the decree appealed from, and it must be affirmed.

DECREE AFFIRMED.